No. 9271.

THE STATE OF LOUISIANA vs. PHILIP REILLY.

Where a party convicted of stealing certain movable property of a railroad company, appeals from the sentence imposed therefor, and bases his appeal solely on the ground that the corporate existence of such company was not proved on the trial, though averred in the indictment. it amounts in effect to a contention that he was convicted on insufficient evidence, and in the absence of a bill of exception taken on the trial with respect to said alleged omission, or of any charge asked of the judge touching the effect of said omission, this Court is without power to inquire into this matter of fact, and to consider evidence on the point where taken on a motion for a new trial.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker*, J.

*M. J. Cunningham* and *Lionel Adams*, for the State, Appellee.
*Wm. R. Whittaker*, for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant was convicted of stealing a caddy of tea from the Texas and Pacific Railway Company and sentenced to one year's imprisonment at hard labor, and appeals.

His complaint is that no proof was made on the trial of the existence of such a corporation; or in other words we are asked to relieve him because he was convicted, as he alleged, on insufficient evidence.

Considering that our jurisdiction does not extend to questions of fact in criminal cases, it is difficult to perceive how we can determine the issue thus presented.

Upon the trial of the case no question was raised as to the admissibility or sufficiency of the evidence on this point. It was only in a motion for a new trial that the alleged omissions was first urged and sought to be established.

In order to give this matter a proper judicial consideration we would first have to address ourselves to a question of fact, that is whether there was any proof upon the trial touching the existence of this corporation, and if from an examination of the evidence we found that there was no evidence or insufficient evidence on this point, then we would be in a position to determine the next question—whether the absence or insufficiency of this proof invalidated the verdict.

We are satisfied that under the constitutional restrictions we cannot go into this inquiry with respect to the fact in question with the record as it now presents the matter at issue. State vs. Polite, 33 Ann. 1016.

Nor do we see how the legal question which we are asked to determine can be properly considered by us in the absence of any proceeding or motion during the trial to so shape the matter as to make it present but a question of law for the determination of this Court.

This we conceive could only have been done by asking the trial judge to instruct the jury that, unless the existence of the alleged corporation in which the ownership of the goods was laid was proved, the jury must acquit. Had such instructions been asked and refused, and a bill of exceptions taken to such refusal, a legal question would have been properly before us for decision.

We have no power to go into an examination of the evidence to arrive at the fact upon which this question of law purports to be founded. And under the circumstances we are powerless to afford the relief asked.

Judgment affirmed.